First day of a new term for the Second Circuit Court of Appeals, so that's auspicious. I welcome Judge Denise Cote of the Southern District of New York, who is donating her time sitting with our court. Thank you. And I turn now to the calendar. I understand all parties are here, so I won't call the calendar. I'll turn to the first case, which is United States of America v. Stephan Vonderend. Good morning, Counsel. Good morning, Your Honor. May it please the Court, Benjamin Silverman. This is Jill Schellow for Defendant Appellant Stephan Vonderend. This case concerns the foremost concern of a foreign national brought to this country to face charges for conduct that occurred abroad, and that is, under what lawful authority was I brought here and placed in this country's jails? And that requires analysis of both due process and the jurisdictional language in the statute. Starting with due process, this Court held in Youssef v. Alcacer that to prosecute a foreign national for conduct that occurred outside of the United States, there must be some nexus between the conduct and the United States. This is necessary to avoid arbitrary and fundamentally unfair application of our laws to the defendant. And it's also about the location. Is it fair to prosecute that person here in this country that has no nexus to the conduct? It's similar in some ways to the work that due process does in the personal jurisdiction analysis in a civil case. The question is not, is it fair to commence this civil lawsuit? Rather, it's, is it fair to bring the defendant into this jurisdiction and commence the suit against them here? And in that context, courts look at minimum contacts and fair play, substantial justice. Here, this Court said in Youssef v. Alcacer, you have to look to whether there's a nexus. There is no competent evidence in the record establishing a nexus between the conduct at issue and the United States. Is it fair to say that the question here is whether that argument applies as to a stateless vessel? Your Honor, I think that's a question, and I think it does apply. And in any event, there's no competent evidence that this was a stateless vessel. This Court's language as to the nexus requirement has been categorical. It doesn't provide room for an exception, nor should it, because the arbitrariness and the unfairness of bringing someone who lacks any nexus to this country here applies no matter what kind of vessel they were on. They were outside of our borders. They did not come here and submit to our laws. They are not a national of this nation. And so I think that it is consistent in the necessary application of this Court's rules. In any event, there's no competent evidence that this was a stateless vessel. And I want to make clear, the parties below and the Court below, we all assumed, and this is not a problem, I'm just making clear the assumption that to analyze whether it's a stateless vessel, to prove the negative, we applied the framework that exists in the statute. There's no authority that that's the framework you apply for the constitutional question if statelessness is, in fact, assuming argument or that it's assuming that it's relevant, which we don't think it is. Didn't the claimed country deny nationality? Your Honor, that's a very interesting question. There are two steps to the analysis. First, there has to be evidence of a claimed country. And then there is a denial. There's no competent evidence that St. Vincent and the Grenadines or any country was claimed. So under 7052d, which, again, we're using just as a framework for statelessness under the due process question, it's not, there's no authority saying that's how we do this. If they didn't claim a country, that a fortiori is, it's stateless. That's true, Your Honor. But the government, again, would need to provide competent evidence that there was a lack of claim. That is, somebody would need to come from the Coast Guard. You know, when you arrest someone on the street, the arresting officer needs to be prepared to come in and testify. You arrest someone on the high to provide competent evidence that there was no assertion of nationality. Here, the government says there's an assertion of nationality, but the only evidence provided of that is in an affidavit. It's not just out of court testimonial hearsay, but it's also someone who has no firsthand knowledge. It's a random person. We don't know on what basis he knows this. We know that in the Coast Guard paperwork, there are lots of mistakes and inaccuracies, which is unsurprising, but that's why the Sixth Amendment provides a confrontation right to ask questions. The Medleya, the act that we're talking about, I think requires that the Coast Guard ask the person who holds himself out as being the captain or in charge, which I think the Coast Guard did in this case, didn't they? Your Honor, there's no competent evidence that that's what happened. We believe the government bears an evidentiary burden, but they conceded below that it's beyond a reasonable doubt. The First Circuit has said that it's a preponderance standard, but the government bears a burden of presenting competent evidence of that necessary first step, both for purposes of the statutory jurisdiction, the subject matter jurisdiction language in the Medleya, but also for the due process nexus requirement. In both cases, the government failed to present, and we asked for a hearing. We asked for a hearing first on the nexus. The government said we don't need to prove a nexus statelessness. We asked for a hearing on statelessness. The government opposed a hearing on statelessness, and the district court denied it. We also asked if this could be submitted to the jury. That was opposed and denied. There was no avenue available to challenge the assertion of a nexus with the United States or statelessness. Counsel, is it your position that statelessness is an element of the offense or goes to subject matter jurisdiction? Your Honor, we believe that it appears from the statute, and I think Judge Srinivasan's opinion for the D.C. Circuit and Miranda is a very clear analysis of this. It appears from the statute that it's a matter of subject matter jurisdiction. Now, there is some question that when you have a factual finding that's a necessary prerequisite for the establishment of guilt and a judgment of conviction in a criminal case under the Supreme Court's precedent in Eileen versus the United States, that's an ingredient of the offense, and it has to be submitted to the jury. We asked, but the important point I would make here is we asked for one way or another to challenge this, and the government's position is it's neither subject matter jurisdiction, you don't get a hearing before the court, nor is it an element of the offense. But, Your Honor, I do believe that Judge Srinivasan persuasively explained why, as well as the Fifth and the Eleventh Circuits, the First Circuit has ruled to the contrary, but that this is subject matter jurisdiction. It's non-waivable, and the court has a responsibility to assure itself that the jurisdiction is proper. So, for example, if you brought someone in here from the high seas, a non-U.S. national, and charged them pursuant to the medleya, and say they want to just go pro se and immediately enter a plea, the court still has to satisfy itself that it has subject matter jurisdiction. When a civil case is commenced, if the parties come in very quickly, and they say we have a settlement, we'd like the court to retain jurisdiction to enforce the settlement, the court still has to satisfy itself that it has subject matter jurisdiction. Is there complete diversity? Is there a federal cause of action? The same thing is true here. Without a factual basis to establish subject matter jurisdiction, the plea is a nullity, the case is a nullity, it can't stand, it must be vacated. And I think that when the government brings … … when you compare it to is there a federal cause of action, I would have thought that's not subject matter jurisdiction, and that this is more analogous to is there a cause of action than whether there's subject matter jurisdiction. I understand what you're saying, and it's true under 18 U.S.C. 3221, it says that the courts of the United States have subject matter jurisdiction over all federal claims, but here that's been modified in the medley. It says that the jurisdiction of the court exists when you have a vessel subject to the United States, subject to the jurisdiction of the United States, and that includes a vessel without nationality, but you still have to offer competent evidence that the vessel is without nationality. And there was no competent evidence offered here of that, so there was no subject matter, there was no basis for the court… Do you think the Confrontation Clause applies to that question? Absolutely. All of the cases on which the – the Confrontation Clause and Sixth Amendment do not talk about a trial right. It talks about a criminal case. And the cases where the Confrontation Clause has not been applied involve matters that are not dispositive to the outcome of a criminal case. So, for example, whether certain evidence should be suppressed or not admitted, whether certain evidence should be deemed to fall within a hearsay exception. None of that is dispositive, but a factual determination that is dispositive to the entry of a judgment of conviction, and in this case a 25-year prison sentence, I believe that absolutely the Confrontation Clause applies and we should be able to ask questions. And I think that it's clear from this record that just a small number of questions could have opened up a lot of issues that might have suggested that the government, even if it had tried to prove – tried to offer evidence to show the court that it had subject matter jurisdiction, would not have been able to do so. Thank you, Counsel. You reserve two minutes for rebuttal. We'll hear from the government. Good morning. May it please the Court. I'm Amanda Hu. I'm an Assistant United States Attorney in the Southern District of New York. I represent the United States on appeal and I represented the United States before the District Court. Do you think statelessness is a question of element of the offense or goes to subject matter jurisdiction? No, Your Honor. Congress has determined that the question over jurisdiction over the vessel is not an element of the offense. And it's within Congress's – But it's subject matter jurisdiction. Excuse me. So it's subject matter jurisdiction. No, Your Honor. Just because a determination is not an element of the offense does not automatically render it an issue of subject matter jurisdiction. This Court in Youssef made clear that the inquiry about subject matter jurisdiction is narrow and it relates only, as Judge Newman said, to whether or not a federal offense has been alleged. Opposing counsel said there's no competent evidence of statelessness. Could you respond to that? Yes, Your Honor. Here, opposing counsel has correctly articulated that there were essentially two facts that the District Court was looking to find. First, that there was a claim of registry and then what the response from the foreign nation was. Here, the District Court relied on two factual foundations for the claim of registry. First, the government's proffer that a witness would testify at trial that St. Vincent and the Grenadines was the nation where the vessel was registered. But second, in the record, Your Honor, at A96, there's a report from the Coast Guard where it expressly says that the master of the vessel invoked St. Vincent and the Grenadines as the registered nation for the vessel. And then as to the question as to what the response of the foreign nation was, that's proved conclusively by the certificate and that's determined by the statute. So there was, in fact, competent evidence, Your Honor, below. Counsel says it wasn't competent because it has confrontation clause issues. Can you respond to that? Yes, Your Honor. If I could just take a step back, which is that the defendant has waived any confrontation clause claim when he pled guilty. The confrontation clause is plainly a trial right and the Supreme Court held in class that that is waived by a guilty plea. But even if this court were to address the merits of the confrontation clause claim, it should be denied because here, the defendant is, the confrontation clause has not been applied to pretrial determinations, which is what was decided here. All right, continue. Your Honor, I'd like to start then by addressing Judge Newman's point as to whether or not due process requires a nexus here. Every circuit to have addressed this question has found that in the case of stateless vessels, due process does not require a nexus. And indeed, this court held that in Pinto Mejia and Henriquez. Defense has referenced two cases in which the defendant al-Qasr, but that's not the relevant precedent here. Pinto Mejia started with the first principle that when addressing extraterritorial conduct, Congress must act within the confines of due process. And yet Pinto Mejia still decided that a nexus is not required for stateless vessels. Henriquez specifically rejected a due process claim, relying on the precedent in the 11th or arbitrary about prosecuting stateless vessels on the high seas. And that makes sense in line with this court's reasoning in EPSCAMP, that when you engage in conduct that is self-evidently criminal, there is no due process concern about notice to you because you are engaging in conduct that you understand to be criminal. And indeed, the defendant here conceded that at his guilty plea that he understood that his conduct was wrong and unlawful. Can we go back a second to my question about subject matter jurisdiction? Yes, Your Honor. You said that the statelessness does not go to subject matter jurisdiction. Could you explain that to me? I'm having a hard time understanding that. Yes, Your Honor. And if I could turn to this court's decision in Greer, where it specifically addressed that inquiry under the statute as to whether the vessel is subject to the jurisdiction of the United States. And this court held that that question is not one that relates to individual defendants, but is intended to be a courtesy extended to foreign nations. The language in Greer is that it's a courtesy extended to foreign nations and not one to drug smugglers. Here, the question about whether or not the vessel is subject to the jurisdiction of the United States is a question of international relations. It doesn't relate to the defendant's ingredients of the offense. Here, drug trafficking on a stateless vessel. I'm not sure I agree with you, but continue. Are you saying this is like deciding whether a statute has extraterritorial effect? Yes, Your Honor. In Youssef, this court held that under the Supreme Court's precedent in Morrison, the question of the extraterritorial reach of a statute is not a question of subject matter jurisdiction. But it's not an element of the offense either? It's not, Your Honor. What is it? It's a question that Congress has decided should be made at a pretrial phase by the district court. And there's no reason that that question should be submitted to the jury because, again, under this court's reasoning in Greer, that inquiry relates to the rights of foreign governments, not the rights of individual defendants. So if the judge has to decide at pretrial, it sort of looks and feels like subject matter jurisdiction, doesn't it? There are lots of questions that judges address pretrial that don't relate to subject matter jurisdiction, such as suppression of evidence. It feels to me like subject matter jurisdiction. Your Honor, for it to be subject matter jurisdiction, it would have to relate to whether or not the court has authority to even hear the case over that offense. Bingo. But here it doesn't. Because as this court held in Youssef, the question about whether or not the court has authority is simply whether a federal offense has been alleged. Here, a federal offense has plainly been alleged. That's a separate question from whether or not the United States has jurisdiction to prosecute that conduct. But the federal offense is bound up with the concept of statelessness. So it's no federal offense until the government can claim and prove statelessness. And this court in Youssef expressly held that questions that relate to the underlying facts of whether or not the government has proved the offense that it has alleged still do not relate to subject matter jurisdiction. So there may be a claim that the United States doesn't, in fact, have jurisdiction over the vessel, but that doesn't divest the court of jurisdiction over this case. Okay. Continue. I just note, Your Honor, as well, that defense counsel indicated that there was no opportunity here to contest whether or not the United States had jurisdiction over the vessel. And that's simply not true. There was an opportunity. They made a motion in advance of trial, and the court determined that motion in accordance with the statute in advance of trial. And I'd note, as well, Your Honor, that the defense had, the defendant never contested the underlying facts from the certification as it's relevant to the question here. The certification only proved conclusively the response of the foreign nation. Everything that the defense has highlighted in terms of a factual dispute relates to whether or not the vessel was registered. But that's not the relevant inquiry under the statute. The question under the statute is what was the response of the foreign nation. That's what's proved conclusively by the certification, and that makes sense because it's a question that relates to diplomatic relations between the United States and foreign nations. Unless the court has any other questions, the government will otherwise rest on its submission. Thank you. Counsel, you have two minutes for rebuttal. Thank you, Your Honor. I'd like to address three points that Ms. Houle just made. First, with respect to contesting, Mr. Vandrand bears no burden as to establishing that there was a claim of registry necessary to trigger a response that's proved conclusively by the certificate according to the statute. There's no evidence of that claim being made. Ms. Houle pointed to page 96 of the appendix, which is Coast Guard paperwork. I want to point out precisely why we should have a hearing and confrontation. Page 74 of the appendix is the exact same paperwork. The Coast Guard checkboxes that say that Mr. Vandrand was not interrogated and did not provide statements after the arrest. In the middle of his plea allocution, we found out that he was interrogated and that he provided statements after his arrest. These are critical issues in a criminal case, and we found out because Judge Sullivan asked the government some questions. And if we could ask questions about other things in this paperwork, I have no confidence that it will pan out that things are entirely accurate as written down here. That's why this is not competent evidence. If the issue is not real subject matter jurisdiction, why doesn't his guilty plea answer the argument you just made? Because the government's contention is that statelessness also does away with the nexus requirement. The Supreme Court and MENA and Blackledge and most recently in class have said that that is not waivable. Mr. Vandrand made clear at the plea that he was not waiving it, that he would bring that up on appeal. There is no evidence in the record. That's if there is a nexus requirement. Well, that's true, Your Honor. But even if there's not— If we join the circuits that have said there's not, then we don't need to take on that question. Even in that case, Your Honor, there's no evidence showing statelessness, which is what the government would need to do. Why? If that's not an element of the offense, why does the government need to take that on? Because if due process requires a nexus, this circuit said in Youssef and Alcaster that it does. No, no, no. But I just went past that with you, so don't go back to it. I mean, I understand that. I'm not suggesting you've waived it. But if we were to agree with the many circuits that have said there's no nexus requirement— I understand, Your Honor. What I meant to say was if the way the government overcomes that hurdle is by saying statelessness, there's an exception, then they still need to demonstrate through competent evidence statelessness. They didn't do that here. I understand that it's hard to prove a negative, but if you apply the framework provided for that proof in 70502, they didn't meet that— You could have put them to their proof by saying, I'm standing trial, and I think you have to prove it. He didn't do that. He said, I'm guilty. Well, the government's position, it's not an element of the offense. He said that I did have the cocaine. He never admitted to anything that would establish statelessness or a nexus. And he said, if I won't get a hearing here, I'm going to raise the lack of proof on appeal. He asked the government to present the proof. He asked for a hearing to test the proof. He was denied that. And he said, I'm pleading guilty subject to my ability to contest this. And the Supreme Court has said in class most recently that that's absolutely not waived by entry of a guilty plea. And I believe under Archer, this Court's precedent says the government should not have an opportunity on remand to present evidence when the burden was clear before. The burden here was clear. And so we respectfully request that the case be remanded with instructions to dismiss the indictment because there's no evidence proving either a nexus or statelessness. Thank you. Thank you, counsel. Thank you both. We'll reserve decision.